STATE OF INDIANA                )
                                ) SS:
COUNTY OF KOSCIUSKO )

CODY COUSINS, By Next of Kin )
EARNEST L. COUSINS and       )
WENDY MELANCON,              )
    Plaintiffs,              )
                             )
vs.                          )
                             )
INDIANA DEPARTMENT OF        )
CORRECTIONS, INDIANA         )
ATTORNEY GENERAL,            )
CORIZON HEALTH, INC. and     )
DR. CHAROLTTE RAY,           )
    Defendants.              )

IN THE KOSICUSKO SUPERIOR COURT

CAUSE NO:



FILED
NOV 06 2015
CLERK KOSCIUSKO SUPERIOR COURT 1

## COMPLAINT

Come now Plaintiffs, by counsel, J. Brian Tracey and file herein their Complaint against Defendants. In support, counsel states that:

1. Plaintiffs, Earnest L. Cousins and Wendy Melancon as next of kin for Cody Cousins, are residents of Warsaw, Kosciusko County, Indiana.

2. Defendant, Indiana Department of Corrections is located at 302 W. Washington Street, Room E334, Indianapolis, IN 46204.

3. Defendant, Indiana Attorney General is located at Government Center South, 5th floor, 302 W. Washington Street, Indianapolis, IN 46204.

4. Defendant, Corizon Health, Inc. has its principal place of business at 103 Powell Court, Brentwood, TN 37027.

5. Defendant, Dr. Charlotte Ray, is located at Reception Diagnostic Center, 727 Moon Road, Plainfield, IN 46168.


EXHIBIT A

6. Following his arrest in January 2014, Cody Cousins ("Cody") was instantly put on suicide watch; until his sentencing in September 2014, Cody was in solitary confinement.

7. Cody's attorney, Robert Gevers, arranged to have Dr. Phillip Resnik ("Dr. Resnik") evaluate Cody. After being hired, Dr. Resnik spent four to five hours interviewing Cody. Cody stopped seeing Dr. Resnik when Cody realized Dr. Resnik had concluded that Cody was mentally ill. Cody did not want that to be an excuse for the crime he committed. Thus, Cody did not meet with Dr. Resnik again.

8. Cody fired Attorney, Robert W. Gevers, and had himself declared indigent, knowing he would then be represented by the Public Defender.

9. Public defender, Kirk Freeman was hired and immediately entered a guilty plea.

10. Shortly thereafter, an unknown physician/psychiatrist saw Cody and prescribed Depakote, a drug known for treating bipolar disease, to help stabilize mood and to help sleep.

11. Doctors at Cody's sentencing were Dr. Steven H. Berger and Dr. Vernon Little. They were appointed by the state/judge.

12. Cody was sentenced on September 19, 2014 and both these doctors testified Cody was mentally ill. In spite of their testimony, Cody was not found to be mentally ill.

13. Cody was then sent to the Reception Diagnostic Center in Plainfield, IN, where he was seen by Dr. Charlotte Ray ("Dr Ray"). Cody's

mother and Co-Plaintiff herein, Dr. Wendy Melancon Psy.D., HSPP ("Dr. Melancon") spoke with Dr. Ray on or about Friday, October 10, 2014, at which time Dr. Ray stated she did not have Cody's records.

14. Dr. Melancon called Dr. Ray back a week later and Dr. Ray finally had the state's records. Dr. Melancon discussed with Dr. Ray the risk of Cody committing suicide. Dr. Ray asked Dr. Melancon if Cody was a danger. Dr. Melancon stated emphatically, yes, Cody is obviously a danger, to himself and to others. Dr. Ray seemed to understand and expressed her agreement with Dr. Melancon; yet, inexplicably, Dr. Ray decided that Cody could be sent to the Indiana Department of Corrections ("IDOC"), located at 1 Park Row Street, Michigan City, IN 46360 instead of to the facilities for mentally ill inmates.

15. At IDOC, Cody was not given any special monitoring since he had not been labeled mentally ill, nor had the IDOC yet made any such diagnosis. Within two or three days of Cody's confinement with the IDOC, Cody killed himself with the razor blades provided by the IDOC and died on October 28, 2014 at the IDOC in Michigan City, LaPorte County, Indiana.

16. The only other possibility of negligence is in the alternative, while it appears quite unlikely, it is possible Cody was killed by an unknown assailant while in the custody of the IDOC.

17. Each of the Defendants had actual or constructive knowledge of Cody's mental illness and thus had actual or constructive notice that their care candor treatment of Cody was improper and inadequate.

18. The Defendants, in their individual and official capacities, acting under the color of state law, acting contrary to 42 U.S.C. 1983, and acting within the course and scope of their employment while violating rules and regulations regarding the treatment of prisoners, especially mentally ill prisoners, these Defendants were deliberately indifferent and neglectful in their treatment and care of Cody, and thus deprived Cody of his rights, privileges, and immunities by failing and refusing to provide proper medical care and treatment for Cody and failing and refusing to properly supervise Cody, thus subjecting Cody to cruel and unusual punishment, resulting in Cody's death.

19. Pursuant to 42 U.S.C. 1988, Plaintiffs are entitled to damages that include their attorney fees.

WHEREFORE, Plaintiffs request judgment against all Defendants, jointly and severally for compensatory and punitive damages, attorney fees, costs and all other just and proper relief.

Respectfully Submitted,

J. Brian Tracey #16215-02
809 S. Calhoun Street, Suite 600
Fort Wayne, IN 46802
(260) 407-7071
ATTORNEY FOR PLAINTIFFS