# United States District Court
# Northern District of Indiana

CODY COUSINS, by next of kin )
EARNEST L. COUSINS and )
WENDY MELANCON, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　v. )　　　Civil Action No. 3:15-CV-531  JVB
　　　　　　　　　　　　　　　　　　　　 )
INDIANA DEPARTMENT OF )
CORRECTIONS, INDIANA ATTORNEY )
GENERAL, CORIZON HEALTH INC., )
DR. CHARLOTTE RAY, BRUCE LEMMON, )
STAN KNIGHT, and RON NEAL, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendants. )

# OPINION AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendants Indiana Department of Corrections, Indiana Attorney General, Bruce Lemmon, Stan Knight, and Ron Neal (sometimes hereinafter referred to as the "State Defendants" ) (DE 38). They maintain that Plaintiffs have failed to state claims against them upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, their motion is granted in part and denied in part.

**A.　　Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." However, recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

B.     **Plaintiffs' Amended Complaint**

Plaintiffs allege that Cody Cousins was a mentally ill inmate in the Indiana prison system who committed suicide while in state custody because Defendants failed to properly place and

---

[1] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

supervise him and did not provide proper medical care and treatment to him.  They also claim that Defendants had a policy or practice that caused the violation of Cousins's constitutional rights.  Finally, they claim Defendants violated Cousins's rights under the Americans with Disabilities Act and the Rehabilitation Act.

According to the complaint, upon Cousins's arrest for an unspecified crime in January 2014, he was put on suicide watch and placed in solitary confinement.  He pleaded guilty and was sentenced on September 19, 2014.  Two court-appointed doctors testified at his sentencing that he was mentally ill, but he was not found to be mentally ill. Following his sentencing, he was sent to the Reception Diagnostic Center in Plainfield, Indiana, where he was seen by Defendant Dr. Charlotte Ray.[2]  His mother, Plaintiff Dr. Wendy Melancon Psy.D., HSPP,[3] told Dr. Ray emphatically that Cody was a danger to himself and others.  Nonetheless, Cody was sent to the Indiana State Prison in Michigan City[4] instead of to a facility for mentally ill inmates.  There he was not given any special monitoring or treatment because he had not be labeled mentally ill.  Two or three days after his move to the Indiana State Prison, he killed himself with razor blades provided by the IDOC.

In their complaint, Plaintiffs state that Defendant Indiana Department of Corrections ("IDOC") is a state agency. They describe Defendant Bruce Lemmon as the Commissioner of

---

[2]According to the IDOC website, the Reception Diagnostic Center ("RDC") is an intake facility for adult men sentenced to the IDOC where they are classified and transferred to long-term facilities.  Indiana Department of Correction, www.in.gov/idoc/3180.htm (last visited Aug.4, 2016). The RDC is not a defendant in this suit.

[3]Plaintiff Melancon is apparently a mental health professional.  "HHSP" stands for "health service provider in psychology," an endorsement licensed psychologists must have in order to engage in the diagnosis and treatment of mental and behavioral disorders. Indiana Professional Licensing Agency, www.in.gov/pla/files/HSPP.pdf (last visited August 4, 2016).

[4]The complaint actually states Cody was sent to the IDOC, but gives the address of the Indiana State Prison at Michigan City.

3

the IDOC, "acting through its agents and employees." (DE 20 at 1.) They identify Defendant Stan Knight as the superintendent of the Plainfield Correctional Facility and Defendant Ron Neal as superintendent of the Indiana State Prison and allege that they both also acted through their agents and employees. They set out the address of the Indiana Attorney General. They claim that "[e]ach or one or more of the Defendants had knowledge of Cody's mental illness and thus had knowledge that Defendants' care and/or treatment of Cody was improper and inadequate." (*Id.* at 5.) They further claim that Defendants knew of, and disregarded, the substantial risk of bodily harm Cousins presented, yet they did not provided proper medical care and treatment to him or properly supervise him.

Plaintiffs assert that they have claims against the State Defendants in their individual and official capacities under 42 U.S.C. § 1983 for violating Cousins's rights under the Eighth and Fourteenth Amendments as well as claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C.§ 1391.

**C.    Discussion**

**(1)    *§ 1983 Claims***

Title 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . ..

Only "persons" may be liable under § 1983. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491

U.S. 58, 71 (1989). Likewise, arms of the state, such as state agencies, are not persons. *Lett v. Magnant*, 965 F.2d 251, 255 (7th Cir. 1992). Accordingly, Plaintiffs' § 1983 claims against IDOC, an arm of the State of Indiana, and the official capacity claims against the remaining State Defendants must be dismissed. Plaintiffs' claims that Defendants had an unconstitutional policy or practice that resulted in Cousins's suicide are official capacity claims. Such claims may only be maintained against a municipality, not state officials. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001). These official capacity claims will be dismissed with prejudice because they are incurably deficient.

Turning to the § 1983 individual capacity claims against Lemon, Knight, Neal, and the Attorney General, the Court determines that Plaintiffs have failed to state such claims against all but Neal, the superintendent of the Indiana State Prison, where Cousins was incarcerated when he died.

For constitutional violations under § 1983, a government official is liable only for his own misconduct. *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). The doctrine of *respondeat superior* does not apply to § 1984 actions. A defendant has sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent. A supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye to it for fear of what he might see. *Sanville*, 266 F.3d at 740.

Plaintiffs assert in conclusory fashion that Defendants had knowledge of Cousins's mental illness and that their care and treatment of him was improper and inadequate. But they allege no facts to plausibly suggest that Lemon, the Commissioner of IDOC, personally knew the state of Cousins's mental health or had any personal responsibility for placing him, supervising

5

him, determining what medical care he should receive, or giving him razor blades. Nor have Plaintiffs alleged any facts to suggest that Knight, the superintendent of an Indiana correction facility whose relationship to this case is explained nowhere in the amended complaint, had any personal knowledge of his illness or responsibility for Cousins's death. The same is true for the Attorney General of Indiana.

The individual capacity claims against these three Defendants will be dismissed without prejudice. It is possible, though the Court deems it highly unlikely, that Plaintiffs could amend their complaint to allege facts that plausibly suggest these three Defendants had the requisite knowledge and involvement with Cousins's placement and care to state claims against them.

Defendant Neal's circumstances require a different conclusion. He is the superintendent of the prison facility where Cousins died. It is plausible that he could have known that Cousins was mentally ill and that he was not receiving appropriate treatment and supervision but turned a blind eye. Dismissal as to him at this stage of the proceedings would thus be premature.

**(2)** *ADA and Rehabilitation Act Claims*

Plaintiffs claim that Defendants violated 42 U.S.C. § 12132, a provision of the Americans with Disabilities Act ("ADA"); and 29 U.S.C. § 794, a provision of the Rehabilitation Act, by failing to provide medical care to him. Title 42 § 12132 provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or shall be subjected to discrimination by and such entity.

Title 29 U.S.C. § 794, which the Seventh Circuit has called materially identical to the quoted ADA provision, *Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir 1996), provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . ..

Plaintiffs do not point to any prison service, program, or activity that Cousins was excluded from because of his mental illness. The essence of Plaintiffs' factual allegations is that Cousins did not receive proper treatment for his mental illness. But the ADA and Rehabilitation Act do not create remedies for medical malpractice. *Id.* Moreover, there is no individual liability under those acts. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015). The Court agrees with the State Defendants that Plaintiffs have failed to state a claim against any of them under the ADA or the Rehabilitation Act. These claims will be dismissed with prejudice as to all the State Defendants.

**D.   Conclusion**

For the foregoing reasons the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss filed by the State Defendants (DE 38). The motion is **GRANTED** as follows:

1. All claims against the Indiana Department of Correction are DISMISSED WITH PREJUDICE.

2. The official capacity claims against the Indiana Attorney General, Bruce Lemmon, Stan Knight, and Ron Neal under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.

3. The individual capacity claims against the Indiana Attorney General, Bruce Lemmon, and Stan Knight under 42 U.S.C. § 1983 are DISMISSED WITHOUT

PREJUDICE.

4. The Americans with Disabilities Act and Rehabilitation Act claims against the Indiana Attorney General, Bruce Lemmon, Stan Knight, and Ron Neal are DISMISSED WITH PREJUDICE.

The motion is **DENIED** with respect to the individual capacity claims under 42 U.S.C. § 1983 against Ron Neal.

The Court **GRANTS** Plaintiffs leave to amend their complaint. They shall have until October 20, 2016, to file an amended complaint.

SO ORDERED on October 6, 2016.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division